

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable C. J. Wilde
County Auditor
Nueces County
Corpus Christi, Texas

Dear Sir:

Opinion No. 0-4883
Re: Under the facts submitted can
the Commissioners' Court of
Nueces County legally allow
additional compensation to
Chief Deputies or heads of
departments under Section 4-A
of Article 3902, or Section 5
of Article 3902, Vernon's An-
notated Civil Statutes?

    Your letter of recent date requesting the opinion
of this department on the above stated question reads as
follows:

> "RE: Additional Allowance of
> $200 per annum for Chief
> Deputies or Heads of De-
> partments

> "With reference to the above caption would
> like to have an opinion based on the following:

> "Article 3902, Section 5 of the Revised Civil
> Statutes states that in counties having a popula-
> tion of 100,001 to 150,000 the Chief Deputies may
> be allowed by the Commissioners Court, when in
> their judgment such allowance is justified, the
> sum of $200.00 per annum in addition to the regu-
> lar compensation allowed.

> "Article 3902, Section 4-A, as reported in
> the 1938 Supplement of Vernon Texas Statutes, states
> - 'In counties having a population of 60,001 and
> not more than 100,000 inhabitants and containing a

Honorable C. J. Wilde, page 2

city of not less than 52,000 inhabitants, heads of the departments may be allowed by the Commissioners Court, when in their judgment such allowable is justified, a sum of $200.00 per annum in addition to the amount herein before authorized, to either the cheif deputies or heads of departments who shall have previously served the county for not less than two continuous years'.

"Article 3912-E, Section 13, makes no reference to an allowance of $200.00 annually in addition to the regular compensation received by such deputy.

"In view of the foregoing could the Commissioners Court of Nueces County allow the additional compensation based on Article 3902, Section 4-A when the officers of Nueces County are paid under the Officers Salary Law.

"In other words, could the Commissioners Court under the salary law pay the Chief Deputies the $200.00 per annum in addition to their regular compensation based on the last preceding Federal Census?"

Section 4 of Article 3902, Vernon's Annotated Civil Statutes provides:

"4. In counties having a population of sixty thousand and one (60,001) and not more than one hundred thousand (100,000) inhabitants, first assistant or chief deputy not to exceed Twenty-four Hundred ($2400.00) Dollars per annum; other assistants, deputies or clerks not to exceed Twenty-one Hundred ($2100.00) Dollars per annum each."

Sections 4a and 5 of said Article (3902) read as follows:

"4a. In counties having a population of sixty thousand and one (60,001) and not more than one hundred thousand (100,000) inhabitants, according to the preceding Federal Census and containing a city of not less than fifty-two thousand (52,000) inhabitantd according to the preceding Federal Census, heads of departments may be allowed by the

Honorable C. J. Wilde, page 3

Commissioners Court, when in their judgment such allowable is justified, the sum of Two Hundred Dollars ($200) per annum in addition to the amount hereinbefore authorized to either First Assistant or Chief Deputy, or other Assistants, Deputies or Clerks, when such heads of departments sought to be appointed shall have previously served the county or political subdivision thereof for not less than two (2) continuous years; provided no heads of departments shall be created except where the persons sought to be appointed shall be in actual charge of some department, with Deputies or Assistants, under his supervision, or a department approved by the Court, and only in offices capable of a bona fide subdivision into departments. As added Acts 1937, 45th Leg., p. 581, ch. 290, § 1.

"5. In counties having a population of one hundred thousand and one (100,001) and not more than one hundred and fifty thousand (150,000) inhabitants, first assistant or chief deputy not to exceed Twenty-six Hundred ($2600.00) Dollars per annum; heads of departments may be allowed by the Commissioners' Court, when in their judgment such allowance is justified, the sum of Two Hundred ($200.00) Dollars per annum in addition to the amount herein allowed, when such heads of departments sought to be appointed shall have previously served the county or political subdivision thereof for not less than two continuous years; other assistants, deputies or clerks not to exceed Twenty-three Hundred ($2300.00) Dollars per annum each."

Nueces County had a population of approximately 51,779 inhabitants according to the 1930 Federal Census, and according to the 1940 census said County had a population of approximately 92,714 inhabitants.

Section 4a, supra, was added by the 45th Legislature, Acts 1937, page 581, chapter 290, section 1. At this time (1937) according to the then preceding Federal Census Nueces County did not come within the population bracket set forth in said Act. Nueces County does not come within the population bracket set forth in Section 5 (Article 3902), therefore, said Section is not applicable to said County.

Honorable C. J. Wilde, page 4


Section 13 of Article 3912e, Vernon's Annotated Civil Statutes pertains to the annual salary of the county officials named therein and has no application with reference to the salary or compensation of the deputies of such officers.

Section 4 of Article 3902, supra, applies to all counties having a population of 60,001 and not more than 100,000 inhabitants and the first assistant or chief deputy is allowed a salary not to exceed $2,400.00 per annum. Section 4a is applicable to the same counties as Section 4 except those counties containing a city of not less than 52,000 inhabitants according to the preceding Federal Census. The peculiar limitations employed by the Legislature in this instance to segregate the class to be affected by the legislation not only bears no substantial relation to the object sought to be accomplished by the Act, but the purported class attempted to be so segregated is, in fact, not a class distinction in any substantial manner from others in this State. There is nothing peculiar about a county having a population of not less than 60,001 nor more than 100,000 inhabitants and containing a city with the population of not less than 52,000 inhabitants that marks it a suitable and peculiar field for the expending of public funds for the purpose set forth in Section 4a, Article 3902, supra.

We have carefully considered Section 4a, supra, in connection with the opinion of the Supreme Court in the case of Miller et al vs. El Paso County, 150 S. W. (2nd) 1000 and the authorities cited therein and believe that under the holding of the Miller case and the authorities cited therein that Section 4a, Article 3902, supra, is unconstitutional. Therefore, we respectfully answer the above stated question in the negative.

Trusting that the foregoing fully answers your inquiry, we are

APPROVED OCT 9, 1942

FIRST ASSISTANT
ATTORNEY GENERAL

AW:mp

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant